```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DENNI VALDEZ,                      :
                    Petitioner,    :   17 Civ. 4121 (KPF)(HBP)
          -against-                :   OPINION
                                       AND ORDER
ECKERT STEWART,                    :
                    Respondent.    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/18

PITMAN, United States Magistrate Judge:

Petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, claiming that his conviction violated certain of his federally protected rights. By a motion dated October 7, 2017 (Docket Item 13), petitioner moves for the appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. For the reasons set forth below, the motion is granted.

Petitioner was convicted in the Supreme Court of the State of New York (New York County) upon his guilty plea to one count of murder in the second degree. Petitioner suffers from development disabilities; reports concerning his competence to proceed in state court indicated an IQ between 52 and 70. On direct appeal, petitioner argued that his plea was involuntary, primarily due to his cognitive and communicative deficits. The

Appellate Division affirmed petitioner's conviction, finding that the claim of involuntariness was not preserved. People v. Valdez, 138 A.D.3d 464, 27 N.Y.S.3d 873 (1st Dep't 2016). The New York Court of Appeals denied leave to appeal. People v. Valdez, 27 N.Y.3d 1156, 62 N.E.3d 130, 39 N.Y.S.3d 390 (2016).

Except in circumstances that are not currently present in this case, a petitioner for a writ of habeas corpus is not entitled to the appointment of counsel as a matter of right. Rather, to warrant the appointment of counsel, a petitioner must make a showing as to four factors: "the merits of [petitioner's] case, [petitioner's] ability to pay for private counsel, [petitioner's] efforts to obtain a lawyer, the availability of counsel, and the [petitioner's] ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003).

Although the merits of the petition are far from clear, I conclude that the circumstances of this case warrant the appointment of counsel. The Appellate Division's finding that petitioner's claim was unpreserved presents a major hurdle for petitioner because it would ordinarily give rise to a procedural

bar that will prevent this Court from reaching the merits of his claim. However, review on the merits will not be precluded if (1) the state procedural ground is not independent and adequate, see Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006); Monroe v. Kuhlman, 433 F.3d 236, 241-42 (2d Cir. 2006); Cotto v. Herbert, 331 F.3d 217, 238-39 (2d Cir. 2003); (2) there is cause for and prejudice from petitioner's failure to assert his claims in accordance with state procedural law or (3) a failure to consider the claim would result in a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 324-27 (1995); Coleman v. Thompson, 501 U.S. 722, 748-50 (1991); Harris v. Reed, 489 U.S. 255, 262 (1989); Green v. Travis, supra, 414 F.3d 288, 294 (2d Cir. 2005). The principles relating to these exceptions are extremely complex and difficult to understand. Given this complexity, petitioner's documented cognitive deficits and the additional fact that a state prisoner ordinarily has a single opportunity to present a 2254 petition, I conclude that the interests of justice warrant the appointment of counsel.

Accordingly, petitioner's motion for the appointment of counsel is granted. The Court's CJA clerk is respectfully requested to select counsel for petitioner from the Court's CJA

Habeas Panel. The Clerk of the Court is respectfully requested to mark Docket Item 13 closed.

Dated: New York, New York
September 14, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Mr. Denni Valdez
DIN 12-A-3546
Green Haven Correctional Facility
594 Rt. 216
Stormville, New York 12582-0010

Copy transmitted to:

Counsel for Respondent